I respectfully dissent. I do not believe the evidence submitted by appellee in support of her summary judgment motion is sufficient for the granting of summary judgment. I agree with the majority that the "corroborative evidence test" is the appropriate test in an uninsured motorist coverage action, such as this case. However, I disagree with the majority's conclusion with respect to the application of that test.
The corroborative evidence must pertain to substantive evidence such as proximate cause. In this case, Mr. Landis claimed that there was an unidentified vehicle in the road and that he lost control of his car trying to avoid that vehicle. Appellee offered the notorized police reports of two independent witnesses as corroborative evidence. As the party moving for summary judgment, appellee had the burden of providing independent third-party evidence corroborating her version of the events on the night of the accident. See Gayheart v. Doe (May 31, 2001), Vinton App. No. 00CA539, unreported, 2001 Ohio App. LEXIS 3200. The evidence must corroborate that the phantom vehicle proximately caused the accident.Girgis, supra. Two witnesses saw a disabled vehicle near the time of the accident. One witness stopped to assist the disabled vehicle before noticing the vehicle in which the decedent was a passenger on the other side of the roadway. The other eyewitness made no mention of the decedent's vehicle, but only stated he saw a man pushing a disabled car.
The witness who assisted the driver of the disabled vehicle is the only witness who places a disabled vehicle near the scene of the accident. However, the information in the witness' police report is sketchy, at best, as to the location of the vehicles in question with regard to each other, if it appeared the accident had just occurred, and whether it appeared that the decedent's vehicle swerved to avoid the disabled automobile. There is no mention of any marks in the roadway or median indicating the decedent's car swerved to avoid the disabled vehicle. The witness states that at the time he stopped to assist the driver of the disabled car, he did not know the decedent's vehicle had crashed across the road. In fact, that witness stated in his police report that he "did not know that this guy [the disabled vehicle] caused the crash across the road." The information in the police report does not indicate the distance between the two vehicles in question, but it is probable the crash scene was at least some distance from the disabled car because the witness did not observe the accident until after he helped the driver of the disabled vehicle. Appellee did not offer an affidavit or deposition from the witness which may have provided more information and facts supporting her version of the events.
The police report, by itself, is deficient because too many questions are left to speculation. Viewing the evidence in a light most favorable to the non-moving party, I cannot conclude that material issues of fact concerning causation are not in dispute. The third-party evidence in this case does not adequately corroborate that the disabled vehicle proximately caused the accident. Civ.R. 56 requires the trial court and this court to construe the evidence most strongly in favor of the non-moving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367. In the absence of corroborative evidence as to causality, reasonable minds can draw more than one conclusion in this case, especially reviewing the evidence most strongly in favor of appellant. Questions remain, in particular, regarding the statement of the witness who assisted the disabled vehicle as to whether those facts establish proximate causation as required by Girgis. It is conceivable that a jury could find in favor of either appellee or appellant on the causality issue at trial. Based upon the evidence in the record, the proximate cause of the underlying accident remains in dispute, precluding resolution by summary judgment. Therefore, I would reverse the trial court's summary judgment ruling.